JOSE DOMINGUEZ SANCHEZ V. STATE.

No. 25,652. January 23, 1952.
Rehearing Denied March 19, 1952.

Hon. O. E. Gerron, Judge Presiding.

*Raymond D. Wier,* Odessa, for appellant.

*George M. Kelton,* County Attorney, Odessa, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for negligent homicide of the second degree; the punishment, three years in jail.

The unlawful act charged as constituting negligence is in violation of Sec. 56 of the Uniform Act Regulating Traffic on the Highways and appearing in Art. 6701d, Sec. 56, Vernon's R. C. S.

Appellant insists that the facts are insufficient to show that the deceased named in the information came to his death as the result of the collision of the motor vehicle or any act on the part of appellant.

The evidence shows a collision between the truck being operated by appellant and an automobile the driver of which is not shown by the evidence. A man, a woman, a little girl, and a small boy were the occupants thereof. It is not shown by any testimony that the deceased was one of those parties.

Other testimony shows that the deceased died in a hospital the night of the collision. There is no testimony showing that deceased came to his death as a result of injuries received in an automobile collision; in fact, there is no testimony showing that the deceased was or had ever been at the scene of the collision.

The state insists that inasmuch as it was shown that no other automobile collision occurred the night of the collision here involved and as there was the suggestion that deceased might have come to his death as the result of an automobile collision, the conclusion that deceased died as a result of the collision here shown is sufficiently warranted.

With this conclusion we cannot agree. The facts are insufficient to support the conviction.

In view of this disposition, the other questions presented are not discussed further than to say that if, upon another trial, the affirmative defense as here shown by the testimony of the

appellant is presented, the jury should be instructed in accordance therewith.

It is contended that Sec. 56 does not cover the state of facts as here presented, where the accused drives to the left of the center of the roadway and runs head on into an oncoming vehicle, but that such an act is made unlawful by Sec. 52 or Sec. 53 of the act mentioned and that Sec. 56 applies only where the act in driving to the left of the center of the roadway either in passing or meeting another vehicle has reference to causing the operator of such a vehicle to do some act which interferes with his safe operation thereof. Such question is not determined.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Presiding Judge.

The state challenges the correctness of our conclusion that the facts are insufficient to support the conviction.

We are unwilling to affirm a conviction for a homicide where the facts fail to reflect that the deceased named in the state's pleading came to his death as the result of some act or agency on the part of the accused. To agree with the state here would require us to so hold.

The state claims that the defensive issue, which we suggested be given in the event of another trial, would call for and make an application of the law of contributory negligence, which is not a defense to negligent homicide.

In making the suggestion, we did so upon the theory that the facts there relied upon tended to show the non-existence of negligence on the part of the appellant, as alleged by the state, rather than contributory negligence on the part of the deceased.

We remain convinced of the correctness of the conclusion expressed originally, and the state's motion for rehearing is overruled.